United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-6318 |
| | § | |
| AIR METHODS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER

Pending before the Court are Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint (Document No. 66); Defendant Air Methods, LLC's Motion to Stay Discovery (Document No. 67); and Plaintiff's Motion for Extension of Time to Effect Service and for Direction Regarding Service on Defendant Casey Minor (Document No. 75). Having considered the motions, submissions, and applicable law, the Court determines that Defendant's motion to dismiss should be granted, that Defendant's motion to stay should be denied as moot, and that Plaintiff's motion should be denied.

I. BACKGROUND

This is an employment matter. Plaintiff Brandon Carr ("Plaintiff") began working for Defendant Air Methods, LLC ("Defendant") as an IT Regional Field Support Analyst in February 2022. Plaintiff alleges that he faced discrimination because of his sexual orientation and race. Plaintiff further alleges that around April

2022, he made several attempts to contact Human Resources ("HR") regarding the alleged treatment. On or about March 20, 2023, Defendant terminated Plaintiff's employment and attributed the termination to "performance-related concerns."[1]

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendant for discrimination pursuant to Title VII of the Civil Rights Act of 1964.[2] Plaintiff's Original Complaint contained claims against Casey Minor and Tony Hunt as well. On July 10, 2026, Plaintiff amended his complaint.[3] On September 15, 2026, Plaintiff amended his complaint for a second time clarifying claims for race discrimination, sex discrimination, and retaliation against Defendant Air Methods.[4] On September 29, 2026, Defendant moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted.[5] On October 2, 2026,

---

[1] *Plaintiff's Second Amended Complaint*, Document No. 64 at 19. The Court notes that Plaintiff disputes the reason for his termination.

[2] *See Plaintiff's Complaint*, Document No. 1 at 2.

[3] *See Plaintiff's First Amended Complaint*, Document No. 35 at 2.

[4] *See Plaintiff's Second Amended Complaint*, Document No. 64 at 1, 19–22.

[5] *See Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 1.

Defendant moved to stay discovery in this matter.[6] On October 8, 2026, Plaintiff moved for an extension of time to serve Casey Minor.[7]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

[6] *See Defendant Air Methods, LLC's Motion to Stay Discovery*, Document No. 67 at 1.

[7] *See Plaintiff's Motion for Extension of Time to Effect Service and for Direction Regarding Service on Defendant Casey Minor*, Document No. 75 at 1.

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendant Air Methods moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. Additionally, Plaintiff moves for an extension of time to serve Casey Minor. The Court will consider, in turn, Defendant's motion followed by Plaintiff's motion. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1. *Defendant Air Methods' Motion to Dismiss*

Defendant Air Methods moves to dismiss Plaintiff's claims contending that each fails to state a claim upon which relief can be granted. In response, Plaintiff contends that his claims are sufficiently pled. The Court will consider, in turn, each claim Defendant moves to dismiss.

*A. Sex Discrimination*

Defendant moves to dismiss Plaintiff's sex discrimination claim contending that it has not been plausibly pled.[8] In response, Plaintiff contends that "[t]he sexual orientation discrimination claim is plausibly pleaded."[9]

Discrimination based on sexual orientation is discrimination because of sex and prohibited under Title VII. *See Bostock v. Clayton County, Georgia*, 590 U.S. 644, 683 (2020). A plaintiff must plead two elements to support a disparate treatment claim under Title VII: "(1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (emphasis in original) (citation omitted). "Although [a plaintiff does] not have to submit evidence to establish a prima facie case of discrimination [under *McDonnell Douglas*] at this stage, he [must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (citation omitted). "Under *McDonnell Douglas* . . . a plaintiff must allege facts sufficient to support a finding 'that he was treated less favorably than others outside

[8] *See Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 7.

[9] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 3.

of his protected class.'" *Olivarez*, 997 F.3d at 600 (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017)).

Here, Defendant contends that "[t]he Second Amended Complaint offers only 'subjective beliefs and conclusory allegations' about perceived discrimination, which are 'insufficient to establish discrimination.'"[10] Defendant further contends that Plaintiff's allegations "are remote in time from Mr. Carr's termination, [and] are insufficient to plausibly allege that Air Methods discriminated against Mr. Carr because of his sexual orientation."[11] In response, Plaintiff contends, in relevant part, that "[a]t the pleading stage, however, the Court must consider the alleged discriminatory statements together with the alleged course of employment treatment rather than requiring Plaintiff to prove discriminatory causation through evidence not yet obtained."[12] The Court notes that a plaintiff is not required to prove discriminatory causation at the pleading stage. Nonetheless, binding Fifth Circuit authority does require a plaintiff to plead facts supporting an adverse employment

---

[10] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 8 (quoting *Lopez v. AT&T Mobility Servs. LLC*, 767 F. Supp. 3d 406, 426 (W.D. Tex. 2025).

[11] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 8 (citing *Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999)).

[12] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 4. The Court notes that Plaintiff cites no authority to support such contention.

action "taken against an employee '*because of* her protected status.'" *Cicalese*, 924 F.3d at 767 (emphasis in original) (citation omitted).

Having reviewed the operative complaint in this matter, the Court notes that, despite Plaintiff's conclusory allegation that his "sex and sexual orientation were motivating factors in the adverse treatment he experienced[,]" Plaintiff has failed to plead sufficient facts suggesting that an adverse employment action was taken because of his sexual orientation.[13] Based on the foregoing, and the Fifth Circuit's clear guidance that a connection between the adverse employment action and the protected status is required for a sex discrimination claim, the Court finds that Plaintiff's sex discrimination claim should be dismissed, and thus, Defendant's motion should be granted as to this claim. The Court will now consider Defendant's motion as it relates to Plaintiff's race discrimination claim.

*B. Race Discrimination*

Defendant contends that "Mr. Carr has not sufficiently pled a claim for race discrimination."[14] In response, Plaintiff contends that "[t]he race-discrimination claim is plausibly pleaded[.]"[15]

---

[13] *Plaintiff's Second Amended Complaint*, Document No. 64 at 21.

[14] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 9.

[15] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 2.

As previously stated, a plaintiff must plead two elements to support a disparate treatment claim under Title VII: "(1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (emphasis in original) (citation omitted).

Here, Defendant contends that "Mr. Carr has alleged only isolated, stray comments and conduct that is remote in time from his termination" and that "[s]uch allegations do not raise Mr. Carr's right to relief above the speculative level."[16] In response, Plaintiff contends, in relevant part, that "[t]aken together with the race-related allegations involving Hunt and Plaintiff's termination, the comparator and differential-discipline allegations plausibly support an inference that race was a motivating factor."[17] Having reviewed the operative complaint in this matter, the Court notes that Plaintiff alleges, in relevant part, that "Hunt touched or grabbed Plaintiff's dreadlocks[,]" that Hunt made a statement "concerning African Americans making mistakes[,]" and that an employee "asked Plaintiff what time he

---

[16] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 11.

[17] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 3.

planned to leave and told Plaintiff that a Black man had recently been killed in the area[.]"[18]

The aforementioned alleged conduct took place between March 2022 and July 2022.[19] The Court notes that the adverse employment action, the termination, did not take place until nearly a year later on March 20, 2023.[20] Based on the foregoing, the Court finds that Plaintiff's alleged comments and conduct are the type of isolated and remote conduct that fails to support a claim that an adverse employment action was taken because of discrimination. Given that this causal connection is required by the Fifth Circuit, the Court finds that Plaintiff's race discrimination claim fails to state a claim upon which relief can be granted, and thus, that Defendant's motion should be granted as to this claim. The Court will now consider Defendant's motion as it relates to Plaintiff's retaliation claim.

---

[18] *Plaintiff's Second Amended Complaint*, Document No. 64 at 12, 15. The Court notes that Plaintiff alleges other negative comments unrelated to race or comments made by employees who had no role in the decision to terminate Plaintiff.

[19] *See Plaintiff's Second Amended Complaint*, Document No. 64 at 12, 15.

[20] *See Plaintiff's Second Amended Complaint*, Document No. 64 at 19.

*C. Retaliation*

Defendant contends that "Mr. Carr has not pled sufficient facts to support a claim for retaliation."[21] In response, Plaintiff contends that "[t]he retaliation claim should not be dismissed[.]"[22]

"'To present a *prima facie* case of retaliation under either Title VII or § 1981, a plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.'" *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)). With respect to a protected activity, "a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (per curiam). "To establish causality, the protected activity and the adverse action must have 'very close' temporal proximity, and 'a five month lapse is not close enough[.]'" *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 679 (5th Cir. 2021) (citation omitted).

---

[21] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 11.

[22] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 4.

Here, Defendant contends that "Mr. Carr's attempts to contact human resources do not constitute protected activity" and that "Mr. Carr alleges no facts that would create a causal connection."[23] In response, Plaintiff contends that "[t]he Second Amended Complaint alleges a chronology extending beyond a single Human Resources telephone call[.]"[24] Having reviewed Plaintiff's Second Amended Complaint in this matter, the Court notes that Plaintiff's allegations amount to nothing more than vague complaints. While Plaintiff contends that he "attempted . . . to obtain assistance from Human Resources[,]" he fails to allege that he reported anything with any reference to an unlawful employment practice.[25] To the extent Plaintiff contends that he "repeatedly objected to and reported conduct that he reasonably believed was discriminatory," the Court finds that this conclusory allegation is insufficient to establish engagement in a protected activity and is unsupported by the facts.[26]

---

[23] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 12, 13.

[24] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 5.

[25] *Plaintiff's Second Amended Complaint*, Document No. 64 at 22.

[26] *Plaintiff's Second Amended Complaint*, Document No. 64 at 23. The Court notes that the alleged reported conduct consisted of Mr. Hunt touching Plaintiff's hair, Plaintiff reporting another employee's comment relating to workplace safety, and reporting a mechanic's statement relating to "a serious workplace safety concern[.]" *See Plaintiff's Second Amended Complaint*, Document No. 64 at 12, 15, 18. The Court finds that these are vague complaints that fail to allege discrimination.

Based on the foregoing, and the clear guidance of the Fifth Circuit that a retaliation claim requires that a protected activity was engaged in, the Court finds that Plaintiff's retaliation claim fails to state a claim upon which relief can be granted.[27] As such, the Court finds that Defendant's motion should be granted. The Court will now consider if the dismissal of Plaintiff's claims should be with or without prejudice.

*D. Dismissal With or Without Prejudice*

Defendant contends that "[b]ecause Mr. Carr has already had opportunity to amend his complaint to state his best claims for discrimination and retaliation, the claims should be dismissed with prejudice."[28] Plaintiff contends that "[d]ismissal with prejudice is not warranted."[29]

Plaintiff's own response recognizes that a *pro se* complaint can be dismissed with prejudice if "the plaintiff has been given an adequate opportunity to cure[.]"[30]

---

[27] Given the Court's finding that Plaintiff failed to plead sufficient facts to suggest that he engaged in a protected activity, the Court declines to consider Defendant's remaining argument related to the causal link.

[28] *Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 66 at 12, 15 (citing *Brown v. Metroplex Plumbing*, No. 3:17-cv-2131-L-BN, 2017 U.S. Dist. LEXIS 208289, at *10 (N.D. Tex. Oct. 5, 2017)).

[29] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 5.

[30] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 6 (citing *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam)).

While conceding that Plaintiff has amended his pleadings, Plaintiff contends that "the present Second Amended Complaint was filed after leave was granted to consolidate and particularize the factual allegations."[31] Plaintiff provides no reasoning to support his apparent contention that the previously granted leave was not an opportunity to cure. The Court notes that this is Plaintiff's third complaint in this matter.[32] The Court further notes that Plaintiff's current complaint was filed after Defendant had already filed a motion to dismiss.[33] Based on the foregoing, the Court finds that Plaintiff has been given ample opportunity to cure the deficiencies in his pleadings, and thus, that Plaintiff's claims against Defendant should be dismissed with prejudice.[34] The Court will now consider Plaintiff's pending motion for an extension of time to serve Defendant Casey Minor.

---

[31] *Plaintiff's Response in Opposition to Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint*, Document No. 68 at 6.

[32] *See Plaintiff's Original Complaint*, Document No. 1 at 1; *Plaintiff's Amended Complaint*, Document No. 35 at 1; *Plaintiff's Second Amended Complaint*, Document No. 64 at 1.

[33] *See Defendant Air Methods, LLC's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim*, Document No. 57 at 1.

[34] Considering the Court's finding that Defendant's motion to dismiss should be granted in its entirety, the Court notes that *Defendant Air Methods, LLC's Motion to Stay Discovery*, Document No. 67, is now moot. As such, the Court finds that the motion should be denied as moot.

2. *Plaintiff's Motion for Extension of Time to Serve*

Plaintiff "moves for an extension of time to effect service on Defendant Minor and requests the Court's direction concerning further service."[35] In response, Defendant contends that "Casey Minor is not a defendant in this action. Plaintiff's operative Second Amended Complaint names Air Methods as the only defendant and asserts no claim against Mr. Minor or any other individual."[36]

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Kind v.* Dogan, 31 F.3d 344, 346 (5th Cir. 1994). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Plaintiff's Original Complaint and First Amended Complaint contained claims against Tony Hunt and Casey Minor.[37] Notably, Plaintiff's Second Amended Complaint, the operative complaint in this matter, does not list Tony Hunt or Casey

---

[35] *Plaintiff's Motion for Extension of Time to Effect Service and for Direction Regarding Service on Defendant Casey Minor*, Document No. 75 at 1.

[36] *Defendant Air Methods' Response to Plaintiff Brandon Carr's Motion for Extension of Time to Effect Service and for Direction Regarding Service on Defendant Casey Minor*, Document No. 74 at 1.

[37] *See Plaintiff's Original Complaint*, Document No. 1 at 1; *Plaintiff's Amended Complaint*, Document No. 35 at 1 (listing Tony Hunt and Casey Minor as Defendants).

Minor as Defendants.[38] Furthermore, Plaintiff's Second Amended Complaint does not list Tony Hunt or Casey Minor as a Defendant under the list of parties.[39] Lastly, in Plaintiff's motion for leave to file his second amended complaint, Plaintiff states unequivocally that "Tony Hunt and Casey Minor are identified as relevant employees, comparators, and witnesses, but the proposed pleading does not assert individual Title VII liability against them."[40]

Based on the foregoing, and given that the operative complaint does not incorporate the previous complaints, the Court finds that Tony Hunt and Casey Minor are not defendants in this matter under the operative complaint. As such, the Court finds that Plaintiff's motion should be denied. Furthermore, Tony Hunt and Casey Minor should be terminated as defendants in this matter and the claims once pending against them, under Plaintiff's Original and First Amended Complaint, are hereby dismissed.

---

[38] *Plaintiff's Second Amended Complaint*, Document No. 64 at 1.

[39] *Plaintiff's Second Amended Complaint*, Document No. 64 at 1.

[40] *Plaintiff's Motion for Leave to File Second Amended Complaint*, Document No. 62 at 5.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Air Methods, LLC's Motion to Dismiss Second Amended Complaint (Document No. 66) is **GRANTED**. The Court further

**ORDERS** that Defendant Air Methods, LLC's Motion to Stay Discovery (Document No. 67) is **DENIED AS MOOT**. The Court further

**ORDERS** that Plaintiff's Motion for Extension of Time to Effect Service and for Direction Regarding Service on Defendant Casey Minor (Document No. 75) is **DENIED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Air Methods, LLC are hereby **DISMISSED WITH PREJUDICE**. The Court further

**NOTES** that Tony Hunt and Casey Minor are not defendants to this matter and that the claims previously pending against them have been **DISMISSED** pursuant to Plaintiff's filing of his Second Amended Complaint.

SIGNED at Houston, Texas, on this 13 day of November, 2026.

DAVID HITTNER
United States District Judge